UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-70358 BZ |
| Plaintiff, ) | [PROPOSED] ORDER DETAINING DEFENDANT PENDING TRIAL |
| v. ) | |
| LUIGI FULVIO PALMARES AGUILAR, ) | |
| Defendant. ) | |

The defendant, Luigi Fulvio Palmares Aguilar, is charged with transporting child pornography in foreign commerce, in violation of 18 U.S.C. § 2252(a)(1). He made his initial appearance before this Court on June 16, 2008. On June 19, 2008, this Court heard the United States' motion to detain the defendant without bail pending trial. The defendant, present and in custody, was represented by counsel. The parties proceeded, without objection, by proffer. Both sides had an opportunity before the hearing to review a report prepared by Pretrial Services.

After considering the evidence and the parties' arguments, this Court orders that the defendant be detained pending trial. The Court finds by clear and convincing evidence that: (1) the defendant poses a serious risk of danger to the community; and (2) a serious risk exists that the defendant will flee.

The Court finds that under 18 U.S.C. § 3142(e), no condition or combination of

[PROPOSED] ORDER RE: DETENTION
CR 08-70358 BZ                                     1

conditions will reasonably ensure the defendant's appearance or the safety of the community for the following reasons:

    1.    The defendant faces serious charges alleging that he committed a violent crime against minor victims. *See* 18 U.S.C. § 3156(a)(4)(C) (defining child pornography offenses as violent crimes for purposes of bail and release).

    2.    The weight of the evidence against the defendant, as the government presented it at the detention hearing through proffers, is strong.

    3.    The defendant has one previous conviction for possessing child pornography.

    4.    The defendant poses a serious danger to the community if he is released. Child pornography offenses are easily committed, requiring nothing more than a computer and an Internet connection.

    5.    The defendant has ties overseas: he lived in the Philippines as a child, has family there, and was arrested as he returned from a trip there.

    6.    If convicted, the defendant faces a mandatory minimum prison sentence of 15 years, and a maximum sentence of 40 years. The prospect of such a long sentence creates a strong incentive for the defendant to flee and underscores the serious nature of the charges that he faces.

Although the defendant's mother offered to post a secured bond and let the defendant live with her, those facts do not reasonably assure that the defendant will appear as required.

Based on the foregoing, the government's motion for detention is GRANTED. IT IS HEREBY ORDERED that:

    1.    The defendant be detained pending trial under 18 U.S.C. section 3142;

    2.    The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeals;

    3.    The defendant be afforded reasonable opportunity for private consultation with his counsel; and

[~~PROPOSED~~] ORDER RE: DETENTION
CR 08-70358 BZ                             2

4. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility where the defendant is confined shall deliver the defendant to an authorized Deputy U.S. Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED

DATED: June 25, 2008

_____
THE HONORABLE NANDOR J. VADAS
United States Magistrate Judge

[~~PROPOSED~~] ORDER RE: DETENTION
CR 08-70358 BZ                                    3